*A. C. & J. H. McCalla,* for plaintiffs in error.

*John R. Irwin,* contra.

---

FREEMAN *v.* YOUNG.

FISH, C. J.   When this case came on for consideration by the court the following order was passed: "This action was originally brought by W. K. Young and Mrs. Delia S. Young against A. C. Freeman, based on a contract alleged to have been entered into by W. K. Young for the use of Mrs. Delia S. Young, who was stated to be the sole beneficiary. By amendment the action was made to proceed in the name of W. K. Young for the use of Delia S. Young and Mrs. Delia S. Young against A. C. Freeman. A verdict was rendered in favor of the 'plaintiff' for a designated sum, and a judgment was thereupon entered in favor of Mrs. Delia S. Young against A. C. Freeman. No judgment was entered in favor of W. K. Young. The bill of exceptions designates the case as that of 'W. K. Young et al. *v.* A. C. Freeman.' The acknowledgment of service was signed by counsel as 'Attorneys for W. K. Young et al., Defendant in Error.' Under repeated rulings of this court, this did not make Mrs. Delia S. Young a party defendant in error, or operate as an acknowledgment of service on her behalf, if she should be made a party defendant in error by amendment from the record. It appearing in the investigation of the case that the sole person in whose favor a judgment was rendered has not been made a party defendant in error or served with the bill of exceptions, but no motion having been made to

dismiss the writ of error, with notice to the adverse party or counsel, it is, therefore, ordered that the plaintiff in error or his counsel be allowed ten days in order to have an opportunity to move to make Mrs. Delia S. Young a party defendant in error and to ascertain if she or her counsel will acknowledge service and agree for the case to proceed to an adjudication. Should proper action to make her a party defendant in error, together with such acknowledgment of service and waiver, be not filed in the office of the clerk of this court within ten days from this date, the said writ of error will be dismissed." The plaintiff in error subsequently moved to make Mrs. Delia S. Young a party defendant in error; but it appeared that her counsel declined, under her direction, to consent that she be made such a party and that the case proceed to an adjudication. The court is, therefore, constrained, in accordance with numerous prior adjudications, to dismiss the writ of error.

*Writ of error dismissed.   All the Justices concur.*

FEBRUARY 21, 1910.

Writ of error from Bibb superior court.

*Feagin & Urquhart,* for plaintiff in error.

*Hardeman, Jones & Johnston,* contra.